IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30655
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN MAVOR,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. CA-95-387 and CR-92-123-D
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that Allen Mavor's motion for leave to appeal in forma pauperis (IFP) from the denial of his motion to vacate, 28 U.S.C. § 2255, is DENIED, because his appeal lacks arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, IT IS FURTHER ORDERED that the appeal is DISMISSED. See 5th Cir. R. 42.2.

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Mavor contends that he is entitled to specific performance of the Government's alleged promise to move for a reduction of his sentence pursuant to Fed. R. Crim. P. 35(b). He asserts that this was not a "plea agreement" and argues that the district court erred by concluding that he, Mavor, claimed it was. He requests this court to grant him a "three point reduction in his sentence."

Rule 35(b) provides in part that "[t]he [district] court, on motion of the Government . . . may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense." The court has "the authority to reduce such sentence to a level below that established by statute as a minimum sentence." Id.

However, "the government's failure to file such a motion is not reviewable unless the defendant makes a `substantial threshold showing' that the government's refusal is based on unconstitutional motives." United States v. Sneed, 63 F.3d 381, ___ n.6 (5th Cir. 1995), 1995 WL 502748 *8 (citing Wade v. United States, 504 U.S. 181 (1992)). "Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion." Wade, 504 U.S. at 186. Mavor has made no such showing.

IFP DENIED; APPEAL DISMISSED.